EARL FRUIT CO. *v.* HERNDON FRUIT CO.

1. SALES—PRINCIPAL AND AGENT—APPEAL AND ERROR.

In action for purchase price of carload of grapes claimed to have been sold to defendant through broker, question of fact as to whether purchase was made from plaintiff or from broker personally, *held,* rightly decided in favor of plaintiff.

2. APPEAL AND ERROR—FINDING OF COURT ON QUESTION OF FACT BINDING WHERE SUPPORTED BY EVIDENCE.

In action for purchase price of carload of grapes claimed by plaintiff to have been diverted to another dealer on account of defendant, finding of trial court on question of fact, where supported by evidence, may not be disturbed by appellate court.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 9, 1931. (Docket No. 74, Calendar No. 35,211.) Decided February 27, 1931.

Assumpsit by Earl Fruit Company, a California corporation, against Herndon Fruit Company, a Michigan corporation, for sale price of grapes. Judgment for plaintiff. Defendant brings error. Affirmed.

*Carl H. Reynolds,* for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for defendant.

CLARK, J. Plaintiff sued to recover sale price of two carloads of grapes received by defendant, and had judgment in a trial without a jury. Defendant brings error.

The cars were sold through Hoien, a broker at Lansing. As to first car, defendant contends that it bought from Hoien personally, not from plaintiff. Plaintiff contends it sold to defendant through Hoien as agent.

The evidence *pro* and *con* presented a question of fact, which the court rightly decided in favor of plaintiff.

The other car was diverted to a dealer in Jackson. Was this for the account of defendant, or of plaintiff, or Hoien? The trial judge found the diversion was for account of defendant, who must look to the dealer in Jackson, and that defendant is indebted to plaintiff for the price of the fruit. The evidence sufficiently supports the finding, and it may not be disturbed.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.